### RICHARD W. STAFFORD *vs.* JOHN A. BURNS.

Somerset County. Decided April 9, 1912. The rescript is as follows: "This is an action of assumpsit to recover the sum of $325, balance of commissions alleged to be due on the sale of a lot of timber land owned by the defendant. The lot was situated in Hartland, near the home of the plaintiff, while the defendant lived in Bangor. The original agreement between the parties was as follows:

'Bangor, Maine, Feb. 17, 1910.

I hereby agree to give Mr. R. W. Stafford $250. commission if he sells timber lot in Hartland for $8000.

JOHN A. BURNS.'

"It is admitted that immediately after this agreement was signed, it was orally modified so that the plaintiff was to receive whatever might be obtained in excess of $8000, and that later on there was another oral modification by which such excess should be shared equally.

"In an action brought by the plaintiff to recover his commission under the modified agreement when the sale was made for $8500, to parties who first applied to the defendant and by him were given an option of purchase at that figure, and then were sent by him to the plaintiff to show the lot, the jury having found a verdict for the plaintiff for $325 and interest; upon defendant's motion to set aside the verdict as against the evidence it is *Held*:

"1.　That the modified agreement was never cancelled but was in full force at the time of the sale.

"2.　That while the evidence was somewhat conflicting, it is the opinion of the court that the jury were warranted in finding from the personal interviews, the correspondence and the course of dealings between the parties from the beginning of their business transactions to the end, that the plaintiff did in this instance all that he was expected to do in promoting a sale, and that he fulfilled his obligation under the agreement.

"3.　That the plaintiff was entitled to the sum of $250 and one half of the excess over $8000, or $250 more, making a total of $500, and having received $175, the verdict for $325. and interest should stand." Motion overruled.　*Walton & Walton*, for plaintiff.　*James D. Rice, and Merrill & Merrill*, for defendant.